UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JASMIN BARTTO COTTOM and CINDY : 
TORRES, :
 :
                      Plaintiffs, : **COMPLAINT**
 :
        v. : **JURY TRIAL**
 : **DEMANDED**
D&A MEDICAL CARE, PLLC and SERGEY :
VOSKRESENSKIY a/k/a SERGEY VOSKIN , :
 :
                      Defendants. :
---------------------------------------------------------------X

      Plaintiffs JASMIN BARTTO COTTOM and CINDY TORRES by and through their attorneys, Harrison, Harrison & Associates, Ltd., allege upon personal knowledge as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiffs JASMIN BARTTO COTTOM and CINDY TORRES (referred to herein as "Plaintiffs") were employed by Defendants D&A MEDICAL CARE, PLLC and SERGEY VOSKRESENSKIY a/k/a SERGEY VOSKIN (collectively referred to herein as "Defendants") as non-exempt employees subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, and the New York Labor Law (hereinafter referred to as "NYLL").

      2.    Based upon Defendants' violations of the FLSA and the NYLL, and the supporting New York State Department of Labor regulations, Plaintiffs seek unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, as well as statutory penalties for violations of NYLL 195(1) and (3).

## JURISDICTION AND VENUE

      3.    Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et.*

*seq.*, and 28 U.S.C § § 1331.

4. This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a), in that the state law claims are so related to Plaintiffs' FLSA claim as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper within this District, pursuant to 28 U.S.C. § 1391, because Defendants do business in, and accordingly reside in, this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## **PARTIES**

6. Plaintiff Jasmin Bartto Cottom resides in the County of Kings in the State of New York.

7. Plaintiff Cindy Torres resides in the County of Bronx in the State of New York.

8. Defendant D&A Medical Care, PLLC is a New York State domestic professional service limited liability company with its principal office and place of business at 2116 Avenue P, Brooklyn, New York, NY, 11229.

9. Defendant Sergey Voskresenskiy a/k/a Sergey Voskin owner, chairman / chief executive officer, manager and/or operator of Defendant D&A Medical Care, PLLC.

10. Defendant Sergey Voskresenskiy has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs.

11. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), Texas Labor Code § 61, and NYLL § 190(3).

12. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

13. At all times relevant hereto, Defendants' employees, including Plaintiffs, regularly engaged in commerce, in the production of goods for commerce, or in handling, selling or otherwise working on goods and materials, which were moved in or produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

14. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

15. Defendants own and operate a medical practice based in Brooklyn, NY. Defendants primary office is located at 2792 Ocean Avenue, Brooklyn, NY. Defendants also have use of an office, and see patients, at 4175 Broadway, Manhattan, NY.

16. Defendants employed Plaintiff Bartto Cottom from on or about June 29, 2015 through January 11, 2017. Plaintiff Bartto Cottom was initially employed as a medical assistant and later became an office manager.

17. Defendants employed Plaintiff Torres from in or about March 2016 through January 11, 2017. Plaintiff Torres was employed as a receptionist.

18. The receptionist, medical assistant, and office manager positions were at all times relevant hereto hourly non-exempt positions entitled to payment of overtime wages under the FLSA and NYLL.

19. At all times relevant hereto, Defendants generally scheduled Plaintiffs to work 6 days per week, Monday through Saturday, with each scheduled shift beginning at 8:00 A.M.

20. Plaintiffs were required to stay at work until after the last patient left which was usually between 6:00 P.M. and 8:00 P.M.

21. At all times relevant hereto, Plaintiffs normally were assigned to work, and regularly worked, from 50 to 65 hours per week.

22. Plaintiffs did not have uninterrupted meal breaks. They generally ate lunch for approximately 10 minutes every day.

23. Defendants initially paid Plaintiff Barrto Cottom $10 an hour. Her pay was later increased to $13 an hour, it was then raised to $15 an hour, and finally $18 an hour.

24. Defendants paid Plaintiff Torres $13 an hour.

25. Despite Plaintiffs regularly working more than 40 hours per workweek, Defendants willfully, knowingly, and intentionally failed to pay Plaintiffs for all hours worked and overtime premiums for work performed in excess of 40 hours in a week.

26. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs were not paid a rate of one and one half times their hourly rate of pay for hours worked in excess of 40 hours in a week.

27. Defendants' failure to pay Plaintiffs overtime was a willful violation of the FLSA, 29 U.S.C. §207.

28. Pursuant to FLSA, Plaintiffs are entitled to recovery of full payment of unpaid wages for hours they worked in excess of 40 hours a week at a rate of one and one half times their hourly rate of pay, FLSA liquidated damages pursuant to 29 U.S.C.A. §216(b), attorney's fees and costs and disbursements of this action.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Wages – FLSA)**

29. Plaintiffs reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

30. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek.

31. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

32. Plaintiffs consent in writing to be a party to this action under 29 U.S.C. § 216(b). Plaintiffs' written consent is attached hereto as Exhibit "A".

33. Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Wages Overtime Wages - NYLL)**

34. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

35. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

36. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

37. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs for all hours worked at their regular rates of pay <u>and</u> at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

38. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial.

39. Plaintiffs seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs, pre and post judgment interest, pursuant to the NYLL, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**(New York Labor Law §§ 195 (1) and (3) - Failure to Provide Wage Statements and Wage Notice)**

40. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if they were set forth herein.

41. Defendants have willfully failed to supply Plaintiffs with the notices required by NYLL § 195(1) containing Plaintiffs' rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of

business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

42. Defendants have also willfully failed to supply Plaintiffs with an accurate statement of wages as required by NYLL § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

43. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants $250 for each workday that the violations § 195(3) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-d, and $100 dollars for each workday that the violations of § 195(1) occurred or a maximum of $5,000, as provided for by NYLL § 198(1)-b, as well as reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs demand Judgment in their favor and against Defendants for:

    **(a)** Full payment of all unpaid wages and overtime premiums for hours worked in excess of 40 hours in a week;

    **(b)** Liquidated damages as provided by the FLSA and New York Labor Law;

    **(c)** Penalties available under applicable laws;

    **(d)** Statutory damages under NYLL § 198(1-d) for violations of NYLL §§ 195(1) and 195(3);

    **(e)** Costs of action incurred herein, including expert fees;

**(f)** Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

**(g)** Pre-judgment and post-judgment interest, as provided by law; and

**(h)** Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **Jury Demand**

Plaintiffs request a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

February 16, 2017					Harrison, Harrison & Associates, Ltd.

/s/*David Harrison*
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 718-799-9111
Facsimile: 718-799-9171
nycotlaw@gmail.com
*Attorneys for Plaintiffs*

# Exhibit "A"

I am a current or former employee of D&A MEDICAL GROUP and/or ALLURE CLINIC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

 I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this \_\_\_ day of _Feb_, 2017.

          Signature _/s/ Barreto Cottom_

          _____

Full Legal Name (print)

Jazmin Barreto Cottom

I am a current or former employee of D&A MEDICAL GROUP and/or ALLURE CLINIC and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 14 day of February, 2017.

*Cindy Torres.*
Signature

*Cindy Torres*
Full Legal Name (print)